Daniel Ray Bacon, Esq., State Bar # 103866
Aaron S. Gorfein, Esq., State Bar # 183295
LAW OFFICES OF DANIEL RAY BACON
234 Van Ness Avenue
San Francisco, California 94102-4515
Telephone: (415) 864-0907
Facsimile: (415) 864-0989

Attorney for Plaintiff
ARMANDO SANDOVAL, a minor,
by JOSE SANDOVAL, guardian

# UNITED STATES DISTRICT COURT

## IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO SANDOVAL, a minor, by JOSE SANDOVAL, guardian, <br><br> Plaintiff, <br><br> v. <br><br> MERCED UNION HIGH SCHOOL DISTRICT; KELLY J. BENTZ; SYLVIA SMITH; KUJIIT MALHI; LINDA LUCAS; PAUL SHIRLOCK; RALPH CALDERON; ROBERT FORE;  BRIAN BALLENGER; JORDAN BELL; ANDY MILLER. <br><br> Defendants. <br> _____ | CASE NO. <br><br> COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF <br><br> JURY DEMAND |

INTRODUCTION

1.     This is a civil rights action requesting declaratory and injunctive relief and monetary damages from the Merced Union High School District, its agents, and employees (jointly "Defendants") for depriving Plaintiff ARMANDO SANDOVAL as a gay student of established constitutional and statutory rights.  This action is brought by ARMANDO SANDOVAL, by and through his guardian and father, JOSE SANDOVAL.

2.     Plaintiff Armando Sandoval attended Atwater High School which is controlled and managed by the Merced Union High School District ("MUHSD").  While attending Atwater High School Plaintiff experienced pervasive, severe and unwelcome harassment based on his gender and sexual orientation.  Plaintiff's classmates harassed him physically and verbally on a near daily basis. Plaintiff was continuously subjected to epithets such as "faggot," "fag," "queer," "homo," and "cocksucker."  Plaintiff's classmates threatened to assault, injure, and kill Plaintiff because of his gender and sexual orientation.  On several occasions Plaintiff was subjected to actual assault, battery, and physical violence on school grounds during and after school.  Defendants, who had the authority to institute corrective measures, were aware of the harassment, yet repeatedly and intentionally failed to take appropriate or necessary measures to stop the abuse suffered by Plaintiff.

3.     Specifically, this action challenges Defendants' custom, practice, and policy of denying Plaintiff as a gay student of rights secured under the Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution; 42 U.S.C. §1983; Title IX of the Education Amendments of 1972, 20 U.S.C. Sections 1681-1688; Article 1, Sections 1 and 7(a) of the California Constitution; California Civil Code Sections 51 and 51.7; and California Education Code Sections 200, 201, 212.5, 220, and 230, 231.5 and 233.5.

4.     At all times relevant to this action, Plaintiff Armando Sandoval was a gay student attending school in the Merced Union High School District, Merced County, State of California.  As the complaint details, Plaintiff has been subjected to severe and pervasive harassment and discrimination based on his sexual orientation.

-1-

5.     MUHSD controls and operates Atwater High School.  A portion of the funding of this school  comes from the state and federal governments.

6.     Defendants Kelly J. Bentz, Sylvia Smith, Kujiit Malhi, Linda Lucas, Paul Shirlock, Ralph Calderon, Robert Fore, Brian Ballenger, Jordan Bell, and Andy Miller, are, or were, at all relevant times employees of MUHSD.

6A    Defendant Kelly J. Bentz was the vice-principal at Atwater High School.

6B    Defendant Sylvia Smith was the assistant superintendent of schools of MUHSD.

6C    Defendant Kujiit Malhi was a vice-principal of Atwater High School.

6D    Defendant Linda Lucas was the Principal of Atwater High School.

6E    Defendant Paul Shirlock was a math teacher at Atwater High School who refused to permit Plaintiff to enter his algebra class on March 24, 2005.

6F    Defendant Ralph Calderon was an assistant principal at Atwater High School.

6G    Defendant Robert Fore was the Superintendent of Schools of MUHSD.

6H    Defendant Brian Ballenger was a vice-principal at Atwater High School.

6I    Defendant Jordan Bell was a recreation Room teacher who subjected Plaintiff to disparate treatment by kicking plaintiff out of his classroom claiming that Armando was disruptive.

6J    Defendant Andy Miller was a math teacher who stated that homophobia was allowed at Atwater High School.

7.     The MUHSD and Individual Defendants were responsible for creating and maintaining an educational environment that is safe and free from discrimination and harassment. The MUHSD and the Individual Defendants were also responsible for making policy and/or for implementing disciplinary, harassment, and anti-discrimination laws and policies.  Further, the MUHSD and the Individual Defendants were responsible for enforcing, and ensuring that their subordinates, agents, and employees enforced, such laws and policies by taking prompt remedial action following acts of inappropriate behavior, harassment or discrimination against student.

9.     Plaintiff alleges upon information and belief that each of the Defendants failed to

-2-

1    make, implement, or enforce, and ensure that their subordinates, agents, and employees enforced the

2    above-described laws and policies or to take necessary and prompt remedial action following

3    reports of harassment and/or discrimination.

4          10.    Plaintiff alleges upon information and belief that each of the Defendants, including

5    other Defendants who are unknown at this time,  performed, participated in, aided and/or abetted in

6    some manner the acts averred herein, proximately caused the damages averred below, and is liable

7    to Plaintiff for the damages and other relief sought herein.  The true names and official capacities of

8    all Defendants are unknown to the Plaintiff at this time and Plaintiff will seek leave of Court to

9    amend this complaint to show the true names and capacities of these Defendants when they have

10    been ascertained.

11          11.    Plaintiff alleges upon information and belief that all relevant times, each and every

12    Defendant was the agent or employee of each and every other Defendant, was acting within the

13    course and scope of such agency or employment, and was acting with the consent, permission and

14    authorization of each of the remaining Defendants.  All actions of each Defendant were ratified and

15    approved by every other Defendant.  Plaintiff further alleges on information and belief that all of the

16    actions alleged in the complaint were taken pursuant to the customs, policies, and practices of

17    MUHSD.

18                                      JURISDICTION

19          12.    A. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. Section 1331 and

20    1343 because the matters in controversy arise under the Constitution and laws of the United States.

21    Declaratory relief is authorized under 28 U.S.C. Sections 2201 and 2202.  This Court has

22    supplemental jurisdiction to hear Plaintiff's state claims under 28 U.S.C. Section 1367(a).  In

23    compliance with California Government Code Section 910 et seq., Plaintiff has filed an

24    administrative claim for damages under the California Tort Claims Act with the MUHSD.

25            B. Plaintiff filed an administrative complaint with Defendant MUHSD pursuant to

26    California Administrative Code, Title 5 Section 4600-4671 Uniform Complaint Procedure on April

27    11, 2005.  Pursuant to MUHSD's Board Policy 1301B, Defendant MUHSD was to investigate and

28                                      -3-

1  prepare a report within 60 days which it failed to do within sixty days.   On June 24, 2005,

2  Defendant MUHSD faxed its report to Plaintiff's counsel and on July 1, 2005 Plaintiff appealed the

3  findings in the report to the California Department of Education, pursuant to California Education

4  Code Section 262.3.  On July 19, 2005 the California Department of Education notified Plaintiff

5  that his appeal was accepted as timely.  More than 60 days have elapsed since Plaintiff's appeal to

6  the California Department of Education, and Plaintiff has received no further contact from the

7  California Department of Education regarding his appeal.

8

9  FACTS COMMON TO ALL CAUSES OF ACTION

10      13.    Plaintiff is a student at Atwater High School.

11  In early September 2004 Vice Principal Malhi told Plaintiff that "We're going to find out if

12  Atwater High is your place or not" based on her determination that a statement, unsupported by any

13  verification, made by a heterosexual male student was credible while dismissing Plaintiff's

14  statement of events.

15      14.    In September 2004 Vice Principal Malhi and campus liaison Steven Menezes

16  searched Plaintiff's backpack.

17      15.    On or about November 2, 2004 Plaintiff was sent to the "responsibility center" for

18  allegedly disrupting class.  In fact, Plaintiff had not been disrupting class but had been sent to the

19  center due to his sexual orientation.

20      16.    On or about November 4, 2004 Plaintiff was told by a MUHSD counselor that, "One

21  more screw-up and you're in IHS."  IHS is an independent study program and would result in

22  Plaintiff not attending Atwater High School.

23      17.    Early in the Spring Semester of 2005 Atwater High School male students in

24  Plaintiff's drama class told Plaintiff that, "being gay is sick."  After Plaintiff complained of this

25  conduct Defendant failed to investigate it.

26      18.    In the Spring Semester of 2005 Plaintiff was unable to use the regular restroom

27  because other students would harass Plaintiff based on his sexual orientation.  MUHSD was aware

28  -4-

1 of this problem and took no reasonable steps to correct it.

2      19.    In the Spring Semester of 2005 Mr. Rhoades, Plaintiff's third period teacher,

3 repeatedly ignored Plaintiff and made him raise his hand to speak in class while he allowed other

4 students to speak without raising their hands.  A fellow student informed Plaintiff that Mr. Rhoades

5 had stated, "I don't like gay people."

6      20.    In the Spring Semester of 2005 Plaintiff was repeatedly harassed by students as he

7 passed by the classroom of Mr. Schiber.  Plaintiff reported this harassment to Defendant Bentz.

8 Despite having informed Defendant Bentz and Mr. Schiber's presence during the incidents

9 themselves Defendants permitted the harassment to continue and took no reasonable steps to

10 prevent its re-occurrence.

11      21.    From January 2005 to the present Plaintiff has been subjected to a continual pattern

12 of verbal and physical abuse by students at Atwater High School.  Plaintiff has been referred to as a

13 "fag," "cocksucker," "homo," and "queer" on a nearly daily basis.

14      22.    On or about January 28, 2005 a student called Plaintiff a "stupid bitch" and pushed

15 him into the mud due to Plaintiff's sexual orientation.  On or about January 31, 2005 the student

16 menaced Plaintiff with a knife and threatened to kill him in front of numerous witnesses.

17 Nevertheless it took several hours before the student was relieved of the knife or anyone at MUHSD

18 called the police.  Furthermore, MUHSD illegally placed the Plaintiff on "administrative leave" for

19 a week as a result of the incident.

20      23.    In or about February 2005 a student called Plaintiff a "faggot" in the classroom of

21 Defendant Miller.  Plaintiff replied, "there is no homophobia allowed."  Defendant Miller said,

22 "yeah, there is, it's a fear just like a fear of spiders."  Defendant Miller took no action regarding the

23 student referring to Plaintiff as a "faggot."  Throughout the Spring 2005 semester Defendant Miller

24 was aware that Plaintiff was undergoing harassment in his classroom yet took no steps to prevent its

25 occurrence.

26      24.    On or about February 16, 2005 Plaintiff was called a "fucking faggot" on the way to

27 the school bus.  The district failed to take timely corrective action concerning the matter.

28                                 -5-

1        25.    On or about February 18, 2005 a student falsely accused Plaintiff of harassing him,

2   called Plaintiff a "fucking faggot" and grabbed Plaintiff's hand while saying, "Hey, sexy." Plaintiff

3   reported the incident and Defendant failed to take adequate measures to ensure that the derogatory

4   name calling ceased.  The name calling continued.

5        26.    On or about February 23, 2005 a student harassed Plaintiff by throwing an object at

6   his head and calling him a, "faggot."  Despite Plaintiff reporting this incident on three occasions the

7   harassment continued.

8        27.    On or about February 25, 2005 Plaintiff reported a student for harassing and calling

9   him names such as "queer" and saying phrases such as, "Oh, you're too close" and jumping away

10  from Plaintiff.  Defendant failed to take adequate measures to stop the harassment.

11       28.    In or about February or March 2005 Plaintiff was taking to a student in class about

12  being gay and the teacher, Defendant Miller, said, "Oh stop it, you're turning me on."

13       29.    On or about March 2, 2005, Defendant Miller told Defendant Vice Principal Bentz

14  that Armando thought she was "hot."  Plaintiff had never said anything of the sort.  Defendant

15  Miller's actions resulted in Plaintiff being reprimanded by Defendant Bentz.

16       30.    On or about March 7, 2005 Plaintiff was suspended from school for allegedly

17  sexually harassing other students.   Plaintiff had never made any sexually harassing statements to

18  any other student.  Plaintiff is informed and believes and thereupon alleges that Defendant Bentz

19  had no reasonable basis to believe that Plaintiff had made such comments.  Plaintiff further alleges

20  that in situations where Defendant Bentz was actually aware of harassing comments made to

21  Plaintiff the student(s) responsible were not suspended.  Plaintiff never sexually harassed other

22  students and his suspension was discriminatory and retaliatory based on his sexual orientation and

23  complaints against MUHSD.

24       31.    On or about March 24, 2005 a female student told Plaintiff that she would get a

25  fellow male student's telephone number for him.  Plaintiff told her not to do so.  The female student

26  asked the male student for his number for Plaintiff despite his express statement not to.  The male

27  student then reported the incident and Plaintiff was counseled despite there being no evidence

28                                          -6-

1 whatsoever that he had made any comment concerning the student or sought out the telephone

2 number. Furthermore, Plaintiff is informed and believes that heterosexual students who seek to

3 obtain the telephone numbers of fellow students are not counseled for said conduct.

4        32.    On or about March 24, 2005 Plaintiff reported to the mathematics class he was

5 registered for. Defendant Shirlock, the teacher of the class, stated in the presence of other students,

6 "You're not coming into my classroom." Plaintiff was embarrassed. Plaintiff asked Defendant

7 Bentz why he was not permitted in class and Defendant Bentz replied, "you might be a disruption

8 and students might not like you." Plaintiff was not permitted to attend the mathematics class

9 despite repeated requests to do so and was forced to take the class in summer school. Plaintiff

10 alleges that these actions were taken as a result of discrimination and/or retaliation against him.

11        33.    On or around April 5, 2005 MUHSD allowed it to become generally known that

12 Plaintiff was represented by counsel and was considering a lawsuit against MUHSD.

13        34.    On or about April 11, 2005 a magazine page depicting a nude man in a bathtub was

14 placed on Plaintiff's desk with a card stating, "You know you want his body." Plaintiff reported the

15 incident to Defendant Bentz. Defendants failed to take adequate steps to stop the harassment.

16        35.    On or about April 15, 2005 Plaintiff received a note in his locker stating, "I'm gana

17 [sic] kill u [sic]." In a meeting with Defendant Smith Plaintiff was informed, "there's not much we

18 can do about that." No other measures were taken to assure Plaintiff's safety.

19        36.    In or about April 2005 Plaintiff was interested in trying out for the pep/cheerleading

20 squad. Plaintiff was informed by several members of the football team that they would quit the

21 team if he did so. The coach of the team was aware of this and similar incidents. Nevertheless no

22 action was taken by MUHSD.

23        37.    In or about May 9, 2005 when Plaintiff reported to school for an on campus

24 suspension he was refused admittance to the classroom.

25        38.    On or about May 11, 2005 Plaintiff reported to Defendant Bentz that various

26 students had threatened him by stating, "fag cocksucker, why aren't you dead? You should be

27 already dead fag." Plaintiff is informed and believes and thereupon alleges that Defendant Bentz

28                             -7-

1   took no disciplinary action against the student responsible.

2          39.     On or about May 16, 2005 Defendants expelled Plaintiff from his earth

3   science class after several students were "laughing" in his class.  Although numerous students were

4   laughing, only Plaintiff was removed from class.  Plaintiff's teacher told Plaintiff not to bother

5   handing in any of his homework assignments.

6          40.     On or about May 26, 2005 Plaintiff arrived to take his final examination in his earth

7   science class.  Upon his arrival Plaintiff told his teacher that he wished to take the final

8   examination.  Plaintiff was asked by the teacher, in a voice audible to the entire class, why Plaintiff

9   wanted to take the final examination as it "would not help your grades at all" humiliating Plaintiff in

10  front of the class.

11         41.     On or about June 8, 2005 a student threatened to beat up the Plaintiff.  The previous

12  day he had called Plaintiff a "faggot."

13         42.     On or about May 27, 2005 Defendant MUHSD retaliated against Plaintiff for

14  seeking legal representation in this matter and for making a formal complaint against MUHSD by

15  seeking to have him evaluated and alleging that he may suffer from learning disabilities.  MUHSD

16  filed a formal case with the California Special Education Division ("SPED") Office of

17  Administrative Hearings ("OAH") (OAH Case No. 200509030) to force Plaintiff to undergo

18  evaluation.

19         43.  On January 16, 2006, the day prior to the OAH hearing, Defendant MUHSD agreed to

20  the case being dismissed.

21         44.  A.  On or about September 13, 2005 Plaintiff was spat upon, assaulted, and battered by

22  a student on MUHSD grounds.  Despite Plaintiff's actions being limited to defending himself

23  against the other student, who was the aggressor, Plaintiff was forced to stay after school, suspended

24  from school for four days, and deemed to have committed a "crime" which was recorded in his

25  school record.  After this incident, in which numerous witnesses were available to testify that

26  Plaintiff acted only in self defense, Plaintiff ceased returning to Atwater High School because he

27  had lost all belief that Defendants would protect him and ensure his safety.

28                                        -8-

B.  After meeting with Defendants and Defendants' representatives on December 12, 2005, Plaintiff agreed to return to Atwater High School on January 3, 2006.  Plaintiff returned to school on January 3, 2006.   On January 10 and 12, 2006, plaintiff was harassed, called names and threatened by other students.  Defendants failed and refused to take any actions to prevent the harassment and threats against Plaintiff.    On January 17, 2006, Plaintiff was threatened by a student who told Plaintiff that he was going to kill him after school.  Plaintiff left school prior to the completion of classes on January 17, 2006.   Plaintiff now fears for his safety to the extent that he is afraid to attend Defendants' school, and requests this court to order injunctive relief as requested below.

C.  Defendants have permitted teachers to: (1) make homophobic statements in the high school classroom, (2) solicit negative homophobic comments about gay people from students, (3) announce that Defendant MUHSD was being "sued" for discrimination against homosexuals, and (4) incite staff and students to create a hostile school environment for gay students such as Plaintiff.

45.    In a meeting with Defendant Mahli she refused to be supportive of Plaintiff and instead informed him that the abuse he was receiving was his own fault.

46.    This suit challenges the failure of the Defendants Merced Union High School District; Kelly J. Bentz, Sylvia Smith, Kujiit Malhi, Linda Lucas, Paul Shirlock, Ralph Calderon, Robert Fore, Brian Ballenger, Jordan Bell, and Andy Miller to provide a safe and equal educational environment to Plaintiff as a gay student.

47.    This suit also challenges the failure of the Defendants Merced Union High School District; Kelly J. Bentz, Sylvia Smith, Kujiit Malhi, Linda Lucas,Paul Shirlock, Ralph Calderon, Robert Fore, Brian Ballenger, Jordan Bell, and Andy Miller to comply with federal and state law regarding gender discrimination, sexual harassment, and sexual orientation.

48.    This suit further challenges the failure of the Defendants Merced Union High School District; Kelly J. Bentz, Sylvia Smith, Kujiit Malhi, Linda Lucas, Paul Shirlock, Ralph Calderon, Robert Fore, Brian Ballenger, Jordan Bell, and Andy Miller to enforce or to have enforced the MUHSD's own disciplinary, anti-harassment and anti-discrimination policies to prevent physical

-9-

1   and emotional harm to Plaintiff.

2       49.     Upon information and belief, the Defendants have enforced and do enforce policies

3   and procedures to prevent and/or remedy sexual harassment, discrimination, and violence as well as

4   other forms of discrimination with respect to heterosexual students.

5       50.     Unless otherwise specified, all acts or omissions alleged in this complaint by

6   Defendants Merced Union High School District; Kelly J. Bentz, Sylvia Smith, Kujiit Malhi, Linda

7   Lucas, Paul Shirlock, Ralph Calderon, Robert Fore, Brian Ballenger, Jordan Bell, and Andy Miller

8   were committed knowingly, intentionally, and/or with conscious disregard of, or deliberate

9   indifference toward, the well-being of Plaintiff.

10      51.     Defendants Kelly J. Bentz, Sylvia Smith, Kujiit Malhi, Linda Lucas, Paul Shirlock,

11  Ralph Calderon, Robert Fore, Brian Ballenger, Jordan Bell, and Andy Miller  as employees of

12  MUHSD, knew or should have known that they were under a mandatory duty by state and federal

13  law to provide a safe and equal environment for students, to respect their privacy, and/or to protect

14  them from harassment and/or violence from other students, yet failed to do so.

15      52.     Defendants Kelly J. Bentz, Sylvia Smith, Kujiit Malhi, Linda Lucas, Paul Shirlock,

16  Ralph Calderon, Robert Fore, Brian Ballenger, Jordan Bell, and Andy Miller also knew or should

17  have known that they were responsible for enforcing MUHSD policies and procedures that were

18  created to protect students from harassment or violence, yet failed to do so.

19      53.     At all relevant times, it was within the power and the responsibility of Defendants

20  Merced Union High School District; Kelly J. Bentz, Sylvia Smith, Kujiit Malhi, Linda Lucas, Paul

21  Shirlock, Ralph Calderon, Robert Fore, Brian Ballenger, Jordan Bell, and Andy Miller to protect

22  Plaintiff from harassment or other violations of his constitutional and statutory rights.

23      54.     Defendants Merced Union High School District; Kelly J. Bentz, Sylvia Smith, Kujiit

24  Malhi, Linda Lucas, Paul Shirlock, Ralph Calderon, Robert Fore, Brian Ballenger, Jordan Bell, and

25  Andy Miller each had knowledge of various acts of discrimination and/or harassment against

26  Plaintiff occurring from November 2004 to the present.  On numerous occasions Plaintiff, his

27  family, and/or his attorney reported incidents of harassment, intimidation, assault, battery, and

28                                          -10-

retaliation to MUHSD and individual Defendants. Defendants intentionally failed to take appropriate disciplinary or remedial measures to address the ongoing harassment, intimidation, assault, battery, and retaliation because of Plaintiff's gender and sexual orientation. When an action was taken, the action was so purposefully ineffective that it merely emboldened Plaintiff's harassers.

55. Defendants Merced Union High School District, Kelly J. Bentz, Sylvia Smith, Kujiit Malhi, Linda Lucas, Paul Shirlock, Ralph Calderon, Robert Fore, Brian Ballenger, Jordan Bell, and Andy Miller failed to take steps to address or prevent harm to the Plaintiff, including, but not limited to, disciplining students or officials who harassed Plaintiff; educating faculty and students about MUHSD policies and procedures, and training faculty and students so as to prevent discrimination or harassment based on gender or sexual orientation.

56. At all times relevant hereto Defendants Merced Union High School District, Kelly J. Bentz, Sylvia Smith, Kujiit Malhi, Linda Lucas, Paul Shirlock, Ralph Calderon, Robert Fore, Brian Ballenger, Jordan Bell, and Andy Miller owed to Plaintiff, and to all students in the MUHSD, a duty of care to ensure the safety and well-being of Plaintiff and all students on school grounds, to enforce rules and regulations necessary for the protection of the students, and/or take appropriate measures to protect students from the misconduct of other students. All of the harassment of the Plaintiff by other students and by the Defendants occurred on school grounds during school hours.

57. At all times relevant hereto Defendants Kelly J. Bentz, Sylvia Smith, Kujiit Malhi, Linda Lucas, Paul Shirlock, Ralph Calderon, Robert Fore, Brian Ballenger, Jordan Bell, and Andy Miller encompassed within their duties as employees of MUHSD, had a duty to exercise due care to protect Plaintiff from harassment and other misconduct by students and by other Defendants. Encompassed within Defendants' duty to protect Plaintiff was a duty to exercise due care in investigating Plaintiff's complaints of assault, battery, and harassment by students, to make police reports of crimes, to take appropriate measures to protect Plaintiff from further harassment, fear, assault, and battery, and to remove dangerous students if necessary.

58. As a result of Defendants' failure to undertake meaningful disciplinary measures

-11-

1   against the harassing students, the harassment has continued and escalated.  The specific instances

2   of harassments and Defendants' failure to take action listed herein are merely representative, not

3   exhaustive.

4        59.    Defendants' intentional failure to take action to remedy the harassment and

5   Defendants' actions of harassment and retaliation against Plaintiff, has caused the Plaintiff to suffer

6   extreme emotional distress and psychological damage, including but not limited to, an inability to

7   concentrate on Plaintiff's studies, serious depression, debilitating fear, despair, anger, humiliation,

8   anxiety, all of which are ongoing hardships.  Plaintiff also suffered bodily injury, including but not

9   limited to, physical injury, disruption of sleep and insomnia.

10       60.    As a direct, legal and proximate result of Defendants' violations of Plaintiff's

11   statutory and constitutional rights, Plaintiff has been damaged in an amount which is not yet known,

12   but which exceeds the jurisdictional minimum of this Court.

13

14                           FIRST CAUSE OF ACTION
U.S. Const. Amend. XIV, Equal Protection on the Basis of Gender

15                               42 U.S.C. § 1983
Against Defendants Kelly J. Bentz, Sylvia Smith, Kujiit Malhi, Linda Lucas,

16     Paul Shirlock, Ralph Calderon, Robert Fore,  Brian Ballenger, Jordan Bell,
and Andy Miller

17

18       61.    Plaintiff hereby incorporates by reference and re-allege paragraphs 1 through 60 of

this complaint.

19

20       62.    The above described conduct by Defendants violated the right of the Plaintiff not to

be deprived of equal protection of the laws on the basis of gender under the Fourteenth Amendment

21   to the United States Constitution.

22       63.    Wherefore, Plaintiff  requests relief as set forth in the Request for Relief below.

23

24

25                        SECOND CAUSE OF ACTION
U.S. Const. Amend. XIV, Equal Protection on the Basis of Sexual Orientation

26                    42 U.S.C. § 1983
Against Defendants Kelly J. Bentz, Sylvia Smith, Kujiit Malhi, Linda Lucas,

27     Paul Shirlock, Ralph Calderon, Robert Fore,  Brian Ballenger, Jordan Bell,

28                       -12-

1        and Andy Miller

2        64.    Plaintiff hereby incorporates by reference and re-allege paragraphs 1 through 60 of

3    this complaint.

4        65.    The above described conduct by Defendants violated the right of the Plaintiff not to

5    be deprived of equal protection of the laws on the basis of sexual orientation under the Fourteenth

6    Amendment to the United States Constitution.

7        66.    Wherefore, Plaintiffs request relief as set forth in the Request for Relief below.

8

9
                          THIRD CAUSE OF ACTION
10                        U.S. Const. Amend. XIV, Due Process
                          42 U.S.C. § 1983
11       Against Defendants Kelly J. Bentz, Sylvia Smith, Kujiit Malhi, Linda Lucas,
         Paul Shirlock, Ralph Calderon, Robert Fore, Brian Ballenger, Jordan Bell,
12                        and Andy Miller

13       67.    Plaintiff hereby incorporates by reference and re-allege paragraphs 1 through 60 of

14   this complaint.

15       68.    Defendants maintained a practice, custom and policy of deliberate indifference to

16   and inaction and/or inappropriate action with respect to the known harassment of Plaintiff by both

17   students and teachers.  This conduct communicated to other students that such harassment was

18   permissible, thereby creating a climate that encouraged and condoned the harassment of the

19   Plaintiff.  It also exacerbated the harm suffered by the Plaintiff in that it encouraged and condoned

20   the continuation of and increase in the harassment of Plaintiff.

21       69.    The above-described conduct by Defendants violated the substantive due process

22   rights of the Plaintiff, as guaranteed to him by the Due Process Clause of the Fourteenth

23   Amendment to the United States Constitution.

24       70.    Wherefore, Plaintiffs request relief as set forth in the Request for Relief below.

25

26                        FOURTH CAUSE OF ACTION
                          Conspiracy
27                        42 U.S.C. § 1983

28                                    -13-

1
Against Defendants Kelly J. Bentz, Sylvia Smith, Kujiit Malhi, Linda Lucas,
2
Paul Shirlock, Ralph Calderon, Robert Fore, Brian Ballenger, Jordan Bell,
and Andy Miller

3      71.    Plaintiff hereby incorporates by reference and re-allege paragraphs 1 through 60 of
4 this complaint.

5      72.    Defendants and their agents conspired to violate the constitutional and statutory
6 rights of Plaintiffs.

7      73.    Wherefore, Plaintiffs request relief as set forth in the Request for Relief below.

8

9                          FIFTH CAUSE OF ACTION
                        Title IX (20 U.S.C. §§ 1681-1688)
10                         Against Defendant MUHSD

11      74.    Plaintiff hereby incorporates by reference and re-allege paragraphs 1 through 60 of
12 this complaint.

13      75.    The above described conduct by Defendant MUHSD violated the right of the
14 Plaintiff to be free from sexual harassment and sex discrimination by and/or within any educational
15 program or activity which receives federal financial assistance.

16      76.    Wherefore, Plaintiffs request relief as set forth in the Request for Relief below.

17

18                         SIXTH CAUSE OF ACTION
                        Title IX (20 U.S.C. §§ 1681-1688)
19                          42 U.S.C. § 1983
        Against Defendants Kelly J. Bentz, Sylvia Smith, Kujiit Malhi, Linda Lucas,
20      Paul Shirlock, Ralph Calderon, Robert Fore, Brian Ballenger, Jordan Bell,
                              and Andy Miller
21
22      77.    Plaintiff hereby incorporates by reference and re-allege paragraphs 1 through 60 of
23 this complaint.

24      78.    The above described conduct by Defendants violated the right of the
25 Plaintiff to be free from sexual harassment and sex discrimination by and/or within any educational
26 program or activity which receives federal financial assistance.

27      79.    Wherefore, Plaintiffs request relief as set forth in the Request for Relief below.

28                                        -14-

**SEVENTH SIXTH CAUSE OF ACTION**
Cal. Const. art. 1, § 7(a), Equal Protection on the Basis of Gender.
Against All Defendants.

80.     Plaintiff hereby incorporates by reference and re-allege paragraphs 1 through 60 of this complaint.

81.     The above described conduct by Defendants violated the right of the Plaintiff not to be deprived of equal protection of the laws on the basis of gender under Article 1, Section 7(a) of the California Constitution.

82.     Wherefore, Plaintiffs request relief as set forth in the Request for Relief below.

**EIGHTH SIXTH CAUSE OF ACTION**
Cal. Const. art. 1, § 7(a), Equal Protection on the Basis of Sexual Orientation
Against All Defendants.

83.     Plaintiff hereby incorporates by reference and re-allege paragraphs 1 through 60 of this complaint.

84.     The above described conduct by Defendants violated the right of the Plaintiff not to be deprived of equal protection of the laws on the basis of sexual orientation under Article 1, Section 7(a) of the California Constitution.

85.     Wherefore, Plaintiffs request relief as set forth in the Request for Relief below.

**NINTH CAUSE OF ACTION**
Cal. Civil Code § 51, Deprivation of Civil Rights
Against Defendants Kelly J. Bentz, Sylvia Smith, Kujiit Malhi, Linda Lucas,
Paul Shirlock, Ralph Calderon, Robert Fore, Brian Ballenger, Jordan Bell,
and Andy Miller

86.     Plaintiff hereby incorporates by reference and re-allege paragraphs 1 through 60 of this complaint.

87.     The above described conduct by Defendants violated the right of the Plaintiff to be free and equal regardless of gender or sexual orientation and to receive full and equal accommodations, advantages, facilities, privileges, or services from Defendants.

88.     Wherefore, Plaintiffs request relief as set forth in the Request for Relief below.

-15-

TENTH CAUSE OF ACTION
Cal. Civil Code § 51.7, Freedom from Violence
Against Defendants Kelly J. Bentz, Sylvia Smith, Kujiit Malhi, Linda Lucas,
Paul Shirlock, Ralph Calderon, Robert Fore, Brian Ballenger, Jordan Bell,
and Andy Miller

89.     Plaintiff hereby incorporates by reference and re-allege paragraphs 1 through 60 of this complaint.

90.     The above described conduct by Defendants violated the right of the Plaintiff to be free from violence, or intimidation by threat of violence, committed because of Plaintiff's gender, and sexual orientation.

91.     Wherefore, Plaintiffs request relief as set forth in the Request for Relief below.


ELEVENTH CAUSE OF ACTION
Cal. Education Code §§ 200, 201, 212.5, 220, 230, 230.5, 231.5 and 233.5 Sex Discrimination
Against All Defendants

92.     Plaintiff hereby incorporates by reference and re-allege paragraphs 1 through 60 of this complaint.

93.     The above described conduct by Defendants violated the right of the Plaintiff to be free from sex discrimination, including sexual harassment, in and/or by educational programs and activities receiving state financial assistance.

94.     Wherefore, Plaintiffs request relief as set forth in the Request for Relief below.


TWELFTH CAUSE OF ACTION
Declaratory Relief
Against All Defendants

95.     Plaintiff hereby incorporates by reference and re-allege paragraphs 1 through 60 of this complaint.

96.     There is a real and actual controversy between Plaintiff and Defendants regarding whether Defendants may undertake to act as described herein.  Plaintiff contends that the Defendants' conduct violated and violates the constitutions and the laws of the United States and of

-16-

California. Plaintiff fears that he will again be subjected to such unlawful and unconstitutional actions, and seeks a judicial declaration that defendants' conduct relating to and on or about September 2004 through the present deprived plaintiff of his rights under the constitutions and the laws of the United States and of California. Plaintiff further requests that defendants be restrained from expelling, removing, suspending or disciplining plaintiff in any way without an order of this court and that Defendants and each of them be ordered to seek judicial relief from this court prior to any removal of plaintiff from school and that Defendants and each of them receive training in order to comply with state and federal laws.

REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

(a) Issue a declaratory judgment that the conduct of all Defendants named in the Twelfth Cause of Action relating to and on or about September 2004 to the present as complained herein was a violation of Plaintiff's rights under the constitutions and the laws of the United States and of California;

(b) Issue a preliminary and permanent injunction prohibiting all Defendants named in this complaint from engaging in the unlawful and unconstitutional actions complained of above and as requested above;

(c) Award compensatory and general damages, in an amount to be determined according to proof to Plaintiff against all Defendants named herein;

(d) Award statutory damages and penalties pursuant to California Civil Procedure Code Section 52(a);

(e) Award Plaintiff his costs, expenses, and reasonable attorneys' fees pursuant to 42 U.S.C. Section 1988, California Civil Code Section 52(a), and California Code of Civil Procedure Section 1021.5; and

(f) Grant such further relief as the court may deem proper.

-17-